# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11317

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MICHAEL HERROLD,

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-225-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

On November 5, 2012, Dallas police pulled over Michael Herrold as part of a routine traffic stop. During the encounter, the officers observed a handgun in plain view. Because he was a convicted felon, Herrold's possession of the firearm was illegal under 18 U.S.C. § 922(g)(1), a charge to which he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11317

subsequently pled guilty without a plea agreement. Under the enhanced penalty provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), Herrold faced a statutory minimum of fifteen years' imprisonment.

Herrold's previous felony offenses were: (1) possession of lysergic acid diethylamide ("LSD") with intent to deliver, (2) burglary of a habitation, and (3) burglary of a building, all under Texas law. Herrold argued to the district court that none of his prior convictions qualified as predicate offenses under the ACCA. The district judge disagreed and sentenced Herrold to 211 months in prison. Without the enhancement, Herrold would have faced a maximum penalty of ten years.[1] He timely appealed his sentence.

We held that all three of Herrold's convictions qualified as ACCA predicates and affirmed his sentence.[2] Herrold appealed to the United States Supreme Court, which granted certiorari, vacated our judgment, and remanded for reconsideration in light of *Mathis v. United States*.[3] On remand, we will affirm.

Herrold's supplemental briefing on remand concedes that his conviction for possession of LSD with intent to deliver is unaffected by *Mathis*. His argument instead centers on his two prior burglary convictions. First, he argues that his conviction for burglary of a habitation is not an ACCA predicate because *Mathis* makes clear that burglary statutes like Texas's, which define "habitation" to include recreational vehicles,[4] are broader than generic burglary. Second, he argues neither of his burglary convictions is an ACCA predicate because *Mathis* compels the conclusion that Texas's burglary provision, Texas Penal Code § 30.02(a), is indivisible.

---

[1] 18 U.S.C. § 924(a)(2).

[2] *United States v. Herrold*, 813 F.3d 595 (5th Cir. 2016).

[3] *Herrold v. United States*, 137 S. Ct. 310 (2016) (citing 136 S. Ct. 2243 (2016)).

[4] Tex. Penal Code § 30.01(1).

No. 14-11317

Herrold's arguments are foreclosed. In *United States v. Uribe*, this court held that Texas Penal Code § 30.02(a) remained divisible after *Mathis*.[5] Herrold admits that *Uribe* forecloses his second argument. With respect to his first argument, *Uribe* concerned a conviction for Texas burglary of a habitation, and the court held that such a conviction continued to support a Sentencing Guidelines enhancement as generic burglary after *Mathis*, which means that Texas burglary of a habitation also continues to support an ACCA enhancement as generic burglary after *Mathis*.[6] This forecloses Herrold's first argument.

****

Upon remand, we find that *Uribe* mandates the result that we originally reached.[7] We again affirm the sentence of the district court.

---

[5] 838 F.3d 667, 671 (5th Cir. 2016).

[6] *Id.*

[7] Uribe's petition for rehearing en banc was denied without a poll, and the Supreme Court denied his petition for certiorari. *Uribe v. United States*, No. 16-7969, 2017 WL 661924 (U.S. Mar. 20, 2017).