In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 17-1730

MICHAEL SMITH,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 6606 — **Robert W. Gettleman**, *Judge.*

---

No. 17-2090

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL J. KHOURY,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:15-CR-30013-DRH-1 — **David R. Herndon**, *Judge.*

---

ARGUED NOVEMBER 14, 2017 — DECIDED DECEMBER 13, 2017

_____

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. These appeals, which we have consolidated for decision, present the question whether a conviction for residential burglary in Illinois under 720 ILCS 5/19-3 (1982) counts as "burglary" for the purpose of the Armed Career Criminal Act, 18 U.S.C. §924(e). *Taylor v. United States*, 495 U.S. 575 (1990), holds that a state's label is not dispositive and that a conviction counts only if the offense meets a federal definition of "generic burglary". We held in *United States v. Haney*, 840 F.3d 472 (7th Cir. 2016), that the pre-1982 version of Illinois law covering ordinary burglary did not satisfy the federal definition. Michael Smith and Michael Khoury (collectively "defendants") ask us to hold the same about the residential-burglary statute under which they were convicted.

The facts and procedural histories of these cases do not matter. It is enough to say that each defendant was convicted of possessing a firearm, see 18 U.S.C. §922(g)(1), despite earlier convictions making that illegal. Each is serving 180 months' imprisonment, the statutory floor for someone convicted of this crime who has three or more earlier convictions for a violent felony or serious drug offense. Section 924(e)(2)(B)(ii) includes "burglary" in the list of violent felonies but does not define "burglary." For both defendants a 180-month sentence is proper only if a conviction for residential burglary in Illinois under the 1982 revision of 720 ILCS 5/19-3 is "generic burglary" under *Taylor*. The appeals in both defendants' cases arise from collateral attacks, but

the United States waived all procedural defenses in order to facilitate appellate resolution of the question, which affects many other sentences. None of the procedural matters is jurisdictional, so the waivers are conclusive. See *Wood v. Milyard*, 566 U.S. 463 (2012).

Both district judges relied on *Dawkins v. United States*, 809 F.3d 953 (7th Cir. 2016), which they read as conclusively establishing that residential burglary in Illinois satisfies *Taylor*. But the only question addressed in *Dawkins* was whether residential burglary in Illinois includes the element of breaking and entering; we answered yes. *Dawkins* did not consider whether the Illinois offense includes the element of entering a "building or other structure" (*Taylor*, 495 U.S. at 598). That a given decision resolves one legal argument bearing on a subject does not mean that it has resolved all possible legal arguments bearing on that subject. See *Rodriguez-Contreras v. Sessions*, 873 F.3d 579, 580 (7th Cir. 2017). So defendants' argument about the building-or-structure element is open.

In Illinois, "[a] person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILCS 5/19-3(a). (This is how that statute read between 1982 and 2001; changes since then are irrelevant for the purpose of §924(e).) Another statute defines "dwelling":

> (a) Except as otherwise provided in subsection (b) of this Section, "dwelling" means a building or portion thereof, a tent, a vehicle, or other enclosed space which is used or intended for use as a human habitation, home or residence.

> (b) For the purposes of Section 19-3 of this Code, "dwelling" means a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or

> occupants actually reside or in their absence intend within a reasonable period of time to reside.

720 ILCS 5/2-6. (This definition has been in force since 1987, before defendants' predicate crimes occurred.) Defendants maintain that "a tent, a vehicle, or other enclosed space" is not a "structure" as the Supreme Court required in *Taylor*—which adopted as the common-law definition of burglary

> any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

495 U.S. at 599. Subsection (a), in which the phrase "a tent, a vehicle, or other enclosed space" appears, does not apply to the crime of residential burglary. To be convicted of that offense, a person must enter "a house, apartment, mobile home, trailer, or other living quarters". And that phrase seems to come within *Taylor*'s reference to "a building or structure".

Not so, defendants insist. They contend that a "mobile home" and a "trailer" are not structures. That contention is a flop for a mobile home, which in Illinois is "a manufactured home as defined in subdivision (53) of Section 9-102 of the Uniform Commercial Code." 625 ILCS 5/1-144.03. The UCC, in turn, defines a manufactured home as a "structure, transportable in one or more sections, … which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities". A "mobile home," so defined, is a "building or structure" by anyone's understanding. It is just a prefabricated house. (There is some question whether 625 ILCS 5/1-144.03 applies to all uses of "mobile home" throughout

Illinois law, but even if it does not a mobile home in common understanding remains a prefabricated house.)

Defendants are on firmer ground with "trailer," which the Illinois Vehicle Code defines as "[e]very vehicle without motive power in operation, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle." 625 ILCS 5/1-209. Although only those trailers in which "the owners or occupants actually reside" (720 ILCS 5/2-6(b)) count as dwellings, trailers are still movable. Defendants insist that the possibility of hitching a trailer to a vehicle and taking it on the highway during a vacation means that it cannot be a "building or structure" as the Justices used that phrase.

Worse, defendants insist, the open-ended statutory reference to "other living quarters" might include houseboats or tents or even cars. The state judiciary has never held that it *does* include those items, but the bare possibility that it might, defendants insist, means that Illinois law does not come within *Taylor*'s definition—for *Taylor* asks what the elements of the state law include, not what a given defendant did in fact. 495 U.S. at 600–02. (The parties agree that §5/19-3 is indivisible for the purpose of *Mathis v. United States*, 136 S. Ct. 2243 (2016), so that if any of the defined ways to commit "residential burglary" in Illinois falls outside the federal definition of "burglary," the state-law convictions do not count under the Armed Career Criminal Act. See also *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).)

We conclude that the crime of residential burglary in Illinois does not cover the entry of vehicles (including boats) and tents. These places are listed in subsection (a) of the def-

inition but not in subsection (b), and the Appellate Court of Illinois has held that subsection (b) excludes all vehicles other than occupied trailers. *People v. Taylor*, 345 Ill. App. 3d 286 (2003). That decision logically covers boats and tents as well. Entering those places with intent to steal is ordinary burglary in Illinois but not residential burglary, and both defendants were convicted of residential burglary. The proper treatment of trailers as a matter of federal law remains to be determined, however.

*Taylor v. United States* set out to create a federal common-law definition of "burglary." This counsels against reading its definition as if it were a statute. All common law is provisional. The Justices did not consider in *Taylor* or any later decision whether an occupied trailer counts as a "structure"—or, if it does not, whether the definition should be modified in common-law fashion to include all of those enclosed places in which people live. The Court began the substantive discussion in *Taylor* by noting an older common-law definition of burglary: "a breaking and entering of a dwelling at night, with intent to commit a felony" (495 U.S. at 592). They added: "Whatever else the Members of Congress might have been thinking of, they presumably had in mind at least the 'classic' common-law definition when they considered the inclusion of burglary as a predicate offense." *Id.* at 593. The Justices adopted a broader definition—omitting mention of the time of day, the nature of the entered place as a dwelling, and the requirement that the crime to be committed be a "felony"—because by 1984 almost all states had expanded their definitions of burglary, and the Justices concluded that a statutory word enacted in 1984 should mean what most states called burglary in 1984. Yet by defendants' lights that traditional definition, if enacted by any state,

would not qualify as "burglary" because it uses the word "dwelling" (which can include a tent) rather than "building or structure." Likewise, by defendants' lights, the statutes that states do have on the books are not generic burglary because they contain words such as "trailer" that exceed the scope of buildings and structures. Indeed, on defendants' view almost all states' existing burglary statutes are outside the scope of federal generic burglary.

Treating *Taylor* as if it were a statute, that is what four courts of appeals have held. *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc) (Tennessee aggravated burglary is broader than generic burglary because it covers "mobile homes, trailers, and tents" used as dwellings); *United States v. Sims*, 854 F.3d 1037, 1039–40 (8th Cir. 2017) (Arkansas residential burglary is broader than generic burglary because it "criminalizes the burglary of vehicles where people live or that are customarily used for overnight accommodations"); *United States v. White*, 836 F.3d 437 (4th Cir. 2016) (West Virginia burglary is broader than generic burglary because it protects "dwelling house[s]," defined to include "mobile home[s]" and "house trailer[s]"); *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc) (any state law that covers non-buildings is not generic burglary). At least one court of appeals has held the opposite. *United States v. Patterson*, 561 F.3d 1170 (10th Cir. 2009), reaffirming *United States v. Spring*, 80 F.3d 1450 (10th Cir. 1996). A panel of the Fifth Circuit agreed with the Tenth, but as it has granted rehearing en banc the rule in that circuit remains to be settled. See *United States v. Herrold*, 685 Fed. App'x 302, rehearing en banc granted, 693 Fed. App'x 272 (5th Cir. 2017).

We think it unlikely that the Justices set out in *Taylor* to adopt a definition of generic burglary that is satisfied by no more than a handful of states—if by any. Statutes should be read to have consequences rather than to set the stage for semantic exercises. We therefore agree with the Tenth Circuit in *Patterson* and *Spring* and with Judge Sutton's dissenting opinion (joined by Judges Clay, Gibbons, Rodgers, McKeague, and Kethledge) in *Stitt*. See 860 F.3d at 876–81. A violation of 720 ILCS 5/19-3 is generic burglary for the purpose of §924(e) and similar federal recidivist statutes.

In reaching this conclusion we have considered not only that common-law understandings are open to modification as circumstances reveal potential weaknesses but also the Supreme Court's own explanation for its definition. The Justices told us that "Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States" (*Taylor*, 495 U.S. at 598) and set out to produce a definition capturing that sense. Recognizing 720 ILCS 5/19-3 and similar statutes as generic burglary treats the Justices as having succeeded at that task; *Stitt* and similar decisions treat the Justices as having failed and having nullified part of a federal statute as a result.

After saying that their goal was to capture "the generic sense in which the term is now used in the criminal codes of most States," the Justices added that their "usage approximates that adopted by the drafters of the Model Penal Code" (*Taylor*, 495 U.S. at 598 n.8), under which "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privi-

leged to enter." ALI, *Model Penal Code* §221.1 (1980). In the Model Penal Code the phrase "occupied structure" includes "any structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." *Id*. at §221.0(1). The Model Penal Code adds that, although someone cannot be convicted of burglary for entering an ordinary motor vehicle or freight car, a person may be convicted for entering a trailer home with intent to steal. *Id*. at §221.1 Comment 3(b).

If defendants in these cases are right, then the Justices *said* that they were following the Model Penal Code's approach but *did* the opposite. We think it better to conclude that *Taylor*'s definition of generic burglary is a compact version of standards found in many states' criminal codes, including that of Illinois. We grant that, per *Shepard v. United States*, 544 U.S. 13, 15–16 (2005), an unoccupied boat or motor vehicle is not a "structure." But just as *Taylor* did not grapple with all enclosed spaces that people may call home, neither did *Shepard*. Certainly the Justices did not say in *Shepard* that they were restricting the coverage of the generic definition adopted in *Taylor*.

People live in trailers, which are "structures" as a matter of ordinary usage. Trailers used as dwellings are covered by the Illinois residential-burglary statute. The crime in 720 ILCS 5/19-3 therefore is "burglary" under §924(e)(2)(B)(ii). Defendants were properly sentenced as armed career criminals.

AFFIRMED