NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2019
Decided August 19, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2727

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:15-cr-00013-WTL-CMM |
| ANDRE W. JACKSON, *Defendant-Appellant*. | William T. Lawrence, *Judge*. |

## O R D E R

Police responding to a 9-1-1 call came upon a man who had been shot in the leg, and they later found shotgun shells in Andre Jackson's yard. Jackson, a convicted felon, admitted that he had fired the weapon. A jury found Jackson guilty of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and a district judge sentenced him to 210 months in prison (the bottom of the applicable Sentencing Guidelines range). Jackson appealed, but his appointed counsel asserts that the appeal is frivolous, and she moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Jackson counters that there are nonfrivolous grounds for an appeal. *See* CIR. R. 51(b). Counsel explains the nature of the case and the issues that the appeal likely would involve. Her analysis

appears thorough, so we limit our review to the topics that she and Jackson discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers arguing that the district judge violated Federal Rule of Evidence 404(b)'s prohibition on propensity evidence when he admitted evidence that Jackson fired a shotgun. Federal Rule of Evidence 404(b)(1) bars evidence of other acts to show the defendant's tendency to behave in a certain way, but the same evidence "may be admissible for another purpose," FED R. EVID. 404(b)(2). Jackson, however, was charged with illegally possessing a "firearm" (defined as "any weapon … which will or is designed to or may readily be converted to expel a projectile by the action of an explosive," 18 U.S.C. § 921(a)(3)), and he never offered to stipulate that the shotgun indeed was a firearm, so testimony that he fired the shotgun is "direct evidence" that the gun fell within the statutory definition. *See United States v. Carson*, 870 F.3d 584, 599–600 (7th Cir. 2017). Counsel thus properly rejects this argument.

Counsel next considers whether Jackson might raise three arguments relating to pretrial matters and properly concludes that, even if not waived, they are frivolous. First, counsel asks whether Jackson could challenge the search of his residence on grounds that his wife consented to the search under duress (threat of arrest). Yet there is no evidence of duress, and a third party with common authority over the space may consent to a search. *See United States v. Matlock*, 415 U.S. 164, 171 (1974); *United States v. Witzlib*, 796 F.3d 799, 801–02 (7th Cir. 2015). Second, counsel discusses whether Jackson could argue that his videotaped confession was coerced, as he was intoxicated during the police interview. True, "[w]hen the interrogating officers reasonably should have known that a suspect is under the influence of drugs or alcohol, a lesser quantum of coercion may be sufficient to call into question the voluntariness of the confession." *United States v. LeShore*, 543 F.3d 935, 940–41 (7th Cir. 2008) (quoting *United States v. Haddon*, 927 F.2d 942, 946 (7th Cir.1991)). But one officer testified that Jackson did not appear impaired and another opined that Jackson "was more than able to take care of himself." Moreover, intoxication alone does not make a confession involuntary, *United States v. Walker*, 272 F.3d 407, 413 (7th Cir. 2001), and counsel does not point to other evidence of coercion. Third, counsel asks whether Jackson could attack his indictment on grounds that his wife testified before the grand jury, violating his spousal testimonial privilege. That privilege, however, belongs only to his wife, as the defendant's spouse, so he cannot assert it. *See United States v. Brock*, 724 F.3d 817, 823 (7th Cir. 2013).

Counsel then turns to Jackson's conviction and considers three more challenges that she correctly decides would be frivolous. First, she (and Jackson) considers whether Jackson could challenge the denial of his motion for a mistrial after a government witness violated the judge's in limine ruling by mentioning the shooting victim. But the witness's statement was "inadvertent, isolated, and ambiguous," *United States v. Long*, 748 F.3d 322, 328 (7th Cir. 2014), and the judge offered to provide a curative instruction that could have reduced the likelihood of prejudice, *see United States v. Curry*, 538 F.3d 718, 728 (7th Cir. 2008). Second, counsel considers challenging the relevance of satellite images of Jackson's home, which the judge admitted as evidence. But a judge does not abuse his discretion when admitting such evidence if, like here, a witness subject to cross examination testified that the images accurately depict the scene on the date in question. *See United States v. Cejas*, 761 F.3d 717, 723 (7th Cir. 2014). Third, counsel considers challenging the competency of a witness who was taking anxiety medication on the date of his testimony. But counsel rightly rejects this as challenge as frivolous because there was no evidence that the medication impaired the witness's ability to testify. *See* FED. R. EVID. 601; *United States v. Terzakis*, 854 F.3d 951, 957 (7th Cir. 2017).

Counsel also asks whether Jackson could attack the judge's denial of his motion for a judgment of acquittal, but she correctly determines that the attack would be futile. There are four elements to the charged offense: (1) status, (2) possession, (3) jurisdiction ("in or affecting commerce"), and (4) a firearm. *See* 18 U.S.C. § 922(g); *Rehaif v. United States*, 139 S. Ct. 2191, 2195–96 (2019). The government provided ample evidence in support of the verdict. *See* FED. R. CRIM. P. 29; *United States v. Cherry*, 920 F.3d 1126, 1133 (7th Cir. 2019). First, Jackson stipulated that he was a felon. Second, he admitted that he possessed a shotgun and three witnesses saw him holding something that looked like a shotgun. Third, a witness testified that the shotgun came from another state. Fourth, Jackson admitted to firing the shotgun and police found a shotgun and shells outside his home.

Both counsel and Jackson next consider arguing that the judge wrongly found him to be an armed career criminal based on three prior convictions for violent felonies, 18 U.S.C. § 924(e). Counsel, however, properly rejects the argument as frivolous because Jackson has at least three such convictions: Illinois residential burglary in 1990, *see United States v. Stitt*, 139 S. Ct. 399, 406 (2018); *Smith v. United States*, 877 F.3d 720, 725 (7th Cir. 2017); Illinois robbery in 1993, *see Klikno v. United States*, 928 F.3d 539, 548 (7th Cir. 2019); Illinois aggravated vehicular hijacking in 1998, *see United States v. Sykes*, 914 F.3d 615, 619–20 (8th Cir. 2019) (citing *People v. Jackson*, 2016 IL App (1st) 133823, ¶ 50 ("[V]ehicular hijacking could be fairly described … as robbery of … a motor

vehicle.")); and Indiana robbery in 2010, *see United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016).

Counsel next queries whether the judge wrongly assigned him three criminal history points based on a reference in the presentence investigation report to an Illinois attempted burglary conviction that Jackson denies committing. But counsel aptly determines that it would be frivolous to press the matter. The judge reviewed the indictment and judgment for that offense and observed that someone named Andre Jackson who shared Jackson's birthday committed it, and Jackson's bare denial that he committed a previous offense is not enough to doubt that conclusion. *See United States v. Heckel*, 570 F.3d 791, 796 (7th Cir. 2009).

Counsel also assesses whether she could nonfrivoulously attack the reasonableness of the 210-month sentence, and rightly concludes she could not. We would presume the sentence to be reasonable because it falls within the calculated Guidelines range of 210 to 262 months (based on an offense level of 33 and a criminal history category of V, *see* U.S.S.G. Ch. 5 Pt. A (sentencing table)). *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Moreover, the judge in this case reasonably considered the statutory sentencing factors, 18 U.S.C. § 3553(a), emphasizing Jackson's history and characteristics, including his upbringing (he had an abusive adoptive mother, was "raised on the streets" of a "crime infested" neighborhood, and left home at age 15), his health ("many" physical and mental health challenges), his drug use (alcohol and cocaine dependence), his age (57 years old at sentencing), and his criminal history ("excessive and extensive").

Finally, counsel considers whether Jackson could argue that his trial attorney provided ineffective assistance, but she properly concludes that the challenge should be reserved for a collateral action, so that Jackson could develop a fuller record. *See* 28 U.S.C. § 2255; *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Flores*, 739 F.3d 337, 340–41 (7th Cir. 2014).

We GRANT counsel's motion to withdraw and DISMISS the appeal.