In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-1104

CHARLES B. DOUGLAS,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:16-cv-270 — **Jon E. DeGuilio**, *Judge*.

ARGUED MAY 16, 2017 — DECIDED JUNE 5, 2017

Before EASTERBROOK, SYKES, and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Charles Douglas pleaded guilty to possessing a firearm, which his earlier felony convictions made it illegal for him to have. 18 U.S.C. §922(g)(1). He was sentenced to 110 months after the district judge found that at least 3 of Douglas's 16 other felony convictions were "violent felonies" as defined by the Armed Career Criminal Act, 18 U.S.C. §924(e). After the Supreme Court

held the residual clause of §924(e)(2)(B)(ii) unconstitutionally vague, *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), Douglas filed a motion under 28 U.S.C. §2255, asking the district court to reduce his sentence. But the judge concluded that Douglas is properly classified as an armed career criminal.

The invocation of §2255 is problematic. Douglas treats *Samuel Johnson* as opening to collateral review all sentences under the Armed Career Criminal Act. Yet the Court did not hold the Act invalid; *Samuel Johnson* concerns only a part of §924(e)(2)(B)(ii). The elements clause in §924(e)(2)(B)(i) remains in effect, as does the burglary clause in §924(e)(2)(B)(ii). See, e.g., *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016); *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016). The district court concluded that Douglas's prior convictions are violent felonies under the elements clause of §924(e)(2)(B)(i), so *Samuel Johnson* does not affect his situation.

Douglas does not contend that classifying his convictions as violent felonies violates the Constitution but instead that the district court misapplied the elements clause, as interpreted in *Curtis Johnson v. United States*, 559 U.S. 133 (2010). *Curtis Johnson*, a statutory decision, was issued about five years before Douglas filed his §2255 motion, which was accordingly untimely even if *Curtis Johnson* applies retroactively on collateral review. See 28 U.S.C. §2255(f)(3). What's more, as part of his plea agreement Douglas agreed to waive the right to seek collateral review.

Yet the United States has chosen not to contest the use of §2255 to obtain collateral review of a contention that rests on *Curtis Johnson*, not to invoke the one-year time limit in

§2255(f), and to waive its rights under the plea agreement. The Supreme Court has held that federal courts may dismiss procedurally defective collateral attacks when the government fails to notice the problems, see *Granberry v. Greer*, 481 U.S. 129 (1987), but must respect formal waivers by prosecutors and wardens. See *Wood v. Milyard*, 566 U.S. 463 (2012). None of the procedural problems we have mentioned affects subject-matter jurisdiction, so we give effect to the United States' waiver and turn to the merits.

The parties agree that the sole issue on the merits is whether Class C felony battery in Indiana at the time of Douglas's two convictions for that offense was a violent felony under the elements clause of §924(e)(2)(B)(i). The state statute has since been amended, but we must consider its elements as they were when Douglas committed those offenses. The state law provided:

> A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:
>
> > (1) a Class A misdemeanor if:
> >
> > > (A) it results in bodily injury to any other person; …
> >
> > (3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon[.]

Ind. Code §35-42-2-1(a) (2005). The elements clause of §924(e)(2)(B)(i) designates an offense as a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another". Accordingly we look at the elements of the state offense, not at what Douglas did in fact. See, e.g., *Mathis v. United States*, 136 S.

Ct. 2243 (2016) (discussing the "modified categorical approach" that the Court uses for federal recidivist statutes).

Battery was a Class C felony in Indiana if a person "knowingly or intentionally touches another person in a rude, insolent, or angry manner" and that touch "results in serious bodily injury to any other person". Any touch entails the use of force as an engineer or physicist uses that word, but *Curtis Johnson* holds that this is not the legal sense of "force" in §924(e)(2)(B)(i). The Court stated that the sort of force that comes within the elements clause is "force capable of causing physical pain or injury to another person." 559 U.S. at 140. Douglas tells us that Indiana's statute did not require the prosecutor to demonstrate that sort of force.

And that's true enough for the simple battery defined by the introductory clause of Indiana's law. But Douglas was not convicted of the Class B misdemeanor version of the crime; he was convicted of the Class C felony version, which has "serious bodily injury" as an element. *Curtis Johnson* tells us that the sort of force to which §924(e)(2)(B)(i) refers is force "capable of causing" injury, 559 U.S. at 140; force that *actually* causes injury necessarily was capable of causing that injury and thus satisfies the federal definition. So we held in *Yates v. United States*, 842 F.3d 1051 (7th Cir. 2016), with respect to a Wisconsin statute that penalized battery that "causes bodily harm". If force that causes bodily harm qualifies, as *Yates* held, then force that causes "serious bodily harm" necessarily qualifies.

Douglas observes that tickling another person entails force. If the tickled person twitches, falls, strikes his head on a coffee table, and suffers a serious injury, Douglas tells us, the tickler could be convicted of Class C felony battery. If

Indiana treated that situation, and similar ones, as Class C felonies, then Douglas would have a good point under *Curtis Johnson*. But just as Yates could not identify any case in which Wisconsin's judiciary had deemed a light touch enough to convict someone of causing bodily harm, so Douglas has not located any decision in which Indiana's courts have convicted someone of committing Class C felony battery after a light touch initiates a long causal chain that ends in serious injury. All the cases that the parties discuss involve violent force. See, e.g., *Mann v. State*, 895 N.E.2d 119 (Ind. App. 2008). Indeed, Indiana's courts say that the force must be enough to exclude any possibility that the injuries occurred by accident or an unforeseeable intervening circumstance. See, e.g., *Moore v. State*, 49 N.E.3d 1095 (Ind. App. 2016). Indiana's statute therefore must be treated the same way *Yates* treated Wisconsin's.

According to Douglas, however, no state crime can be a violent felony unless the person intends not only the use of force but also the injury caused by that force. Indiana's battery law has an intent element, but that element applies to the force rather than the outcome. Douglas relies on *Leocal v. Ashcroft*, 543 U.S. 1 (2004), and some similar decisions, but they do not establish the proposition that the injury must have its own *mens rea*.

*Leocal* dealt with the elements clause in 18 U.S.C. §16(a), which is similar to the elements clause in the Armed Career Criminal Act. The Court held that drunk driving is not a violent felony under §16(a) because, to "use" force—the verb in both §16(a) and §924(e)(2)(B)(i)—a person must intend more than negligent or accidental contact. Because a person can drive under the influence without intending to touch any-

one, the Court concluded that the crime does not entail the use of force. That conclusion does not help Douglas, because the Indiana statute applies only to a "person who knowingly or intentionally touches another person" in a forbidden manner. Intentional touching is an element of Class C felony battery in Indiana. *Leocal* neither holds nor suggests that there must be a *separate* intent element attached to the degree of injury. It is enough to "use" force.

We have held that an offense defined as a knowing or intentional act that causes bodily harm comes within the elements clause of §16(a), §924(e)(2)(B)(i), or 18 U.S.C. §924(c)(3)(A) (the third of the trio of elements clauses in Title 18). See, e.g., *Yates*; *De Leon Castellanos v. Holder*, 652 F.3d 762, 764–66 (7th Cir. 2011); *LaGuerre v. Mukasey*, 526 F.3d 1037, 1039 (7th Cir. 2008). Indiana's statute makes intent to use force an element of the offense; that satisfies the elements clause as *Leocal* understands it.

AFFIRMED