In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2194

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JASON J. TYSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:14-cr-00231-JPS-1 — **J. P. Stadtmueller**, *Judge.*

ARGUED MAY 18, 2017 — DECIDED JULY 11, 2017

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge.* On December 12, 2014, Jason Tyson was indicted on one count of being a felon in possession of a firearm. He pleaded guilty on September 4, 2015, and the district court accepted the plea the same day. The plea agreement included a stipulation that, pursuant to § 2K2.1(a)(2) of the United States Sentencing Commission Guidelines, the

applicable base offense level was 24. The parties stipulated to that base level because Tyson had a prior federal conviction for possession of heroin, as well as a prior Wisconsin state conviction for burglary. The parties agreed the burglary constituted a "crime of violence" under the Guidelines. *See* U.S.S.G. § 2K2.1(a)(2).

On March 2, 2016, the United States Probation Office prepared its revised Presentence Investigation Report, which also identified Tyson's burglary conviction as a crime of violence. The PSR recommended a two–level enhancement because the firearm involved in the current conviction was stolen, and a three–level reduction for acceptance of responsibility, for a total offense–level recommendation of 23. Combined with his category VI criminal history, the PSR recommended a Guidelines range of 92 to 115 months' imprisonment. In his written response to the PSR, Tyson objected to the two–level stolen firearm enhancement, but did not object to the characterization of his burglary as a crime of violence.

Tyson was sentenced on May 6, 2016. At the hearing, both Tyson and the government agreed that the PSR's calculation of the offense level was accurate. The court stated that it had no reason to disagree with or challenge any of the findings or calculations in the PSR, and adopted the Guidelines range recommendation of 92 to 115 months' imprisonment. Tyson's counsel argued for a sentence of 48 months, while the government recommended a sentence of 77 months.

The court noted that Tyson was sincere in his regret for his actions, and while acknowledging the dangerousness of the crime, stated that the Guidelines were "a bit off the chart or off

the reservation" as applied to Tyson's situation. The court stated that this was particularly true in light of Tyson's state and federal supervision that would be revoked as a result of the firearm conviction. The court also acknowledged, however, that there must be a level of accountability and consequences for Tyson's conduct. Ultimately, the court sentenced Tyson to 50 months' imprisonment, followed by a three-year term of supervised release. Tyson timely appealed his sentence.

## DISCUSSION

Tyson argues that he is entitled to resentencing because his Wisconsin burglary conviction does not qualify as a "crime of violence" as contemplated by the Sentencing Guidelines, and therefore, the court set the incorrect base offense level for his Guidelines calculation. Indeed, shortly after Tyson's sentencing, we held that because the Wisconsin burglary statute covers a "greater swath of conduct" than the elements of the Guidelines offense, it cannot serve as a predicate offense under § 2K2.1(a). *United States v. Edwards*, 836 F.3d 831, 838 (7th Cir. 2016).

Tyson did not raise this argument before the district court and stipulated to the accuracy of the Guidelines range in his plea agreement and at the sentencing hearing. Under those circumstances, we would typically hold that the Tyson has waived the argument, thus barring our review of the issue. *See, e.g.*, *United States v. Fuentes*, 858 F.3d 1119, 1120–21 (7th Cir. 2017). In its brief before this Court, however, the government does not discuss waiver and contends only that Tyson forfeited the argument in the district court. Therefore, the government

has waived any waiver defense it may have had. *United States v. Waldrip*, 859 F.3d 446, 450 (7th Cir. 2017). Accordingly, we treat the argument as forfeited and review for plain error. *See id.*

Under the plain error standard, we will reverse a sentence only if the following conditions are met: (1) there was an error; (2) the error is plain; (3) there is a reasonable probability that the error affected the defendant's substantial rights, meaning the outcome would have been different but for the error; and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The first two conditions have been met here because, after *Edwards*, it was plain error for the court to use Tyson's Wisconsin burglary conviction as a predicate to set the base offense level under § 2K2.1(a) of the Guidelines. *Edwards*, 836 F.3d at 838. There is also support for Tyson's contention that he satisfies the third condition. In *Molina-Martinez*, the Supreme Court held that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." 136 S. Ct. at 1345. For our purposes here, we can assume, without deciding, that the error affected Tyson's substantial rights because he was sentenced under an incorrect Guidelines range.

As *Olano* made clear, however, that does not end our inquiry. We will only exercise our discretion to find reversible

plain error "in those circumstances in which a miscarriage of justice would otherwise result." 507 U.S. at 736 (citation omitted). No such circumstances exist here. The parties agree that, after the base offense level is adjusted appropriately, the correct Guidelines range would have been 63 to 78 months' imprisonment. The court sentenced Tyson to 50 months—13 months below the low end of the correct range. It can hardly be said that such a sentence constitutes a miscarriage of justice.

At the hearing, the court went out of his way to explain his view that the Guidelines range was too high and that the calculated recommendation was not serving as the basis for the sentence he imposed. The court described the applicable range as "off the reservation" and noted that the Guidelines present "very fertile ground for the court to impose something different." There is no indication in the record that the calculation error in any way affected the fairness or integrity of Tyson's sentencing proceedings. Therefore, Tyson cannot satisfy the fourth condition, and his challenge cannot survive plain error review.

## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.