In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1929

ERNEST D. SHIELDS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 10265 — **Rubén Castillo**, *Chief Judge.*

ARGUED FEBRUARY 27, 2018 — DECIDED MARCH 21, 2018

Before WOOD, *Chief Judge*, and BAUER and BARRETT, *Circuit Judges.*

PER CURIAM. In this appeal of a denial of a petition for review under 18 U.S.C. § 2255, Ernest Shields argues that he should not have been sentenced as an armed career criminal because two of his Illinois convictions—one for residential burglary and another for armed robbery—cannot be characterized as violent felonies under the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e). Our recent precedent forecloses the

argument about his residential burglary conviction, and we conclude that armed robbery in Illinois is a violent felony because it requires "force or threatened use of force." We therefore affirm the district court's judgment.

**I.**

Ernest Shields parked his car partially in a crosswalk, in violation of a Chicago municipal ordinance. Two officers approached Shields, who was sitting in the driver's seat, and asked to see his driver's license. When they told Shields to get out of the car, he bolted. An officer chased him, tackled him to the ground, and discovered that he was carrying a gun. Shields was charged as a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). The district court sentenced him to 15 years' imprisonment as an armed career criminal based on his prior convictions for aggravated battery, residential burglary, and armed robbery. *See* 18 U.S.C. § 924(e)(1). (Under the Armed Career Criminal Act, persons convicted of three or more violent felonies or serious drug offenses must face longer sentences. *Id.*) His conviction and sentence were affirmed on appeal. *United States v. Shields*, 789 F.3d 733 (7th Cir. 2015).

Shields then moved under 18 U.S.C. § 2255 to vacate his sentence, arguing, based on the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that two of his criminal convictions were not violent felonies under the ACCA. *Johnson* held that the definition of "violent felony" in the Act's "residual" clause was unconstitutionally vague. After *Johnson*, a conviction must meet the following criteria to qualify as a "violent felony" under the Act:

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year … that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives[.]

18 U.S.C. § 924(e)(2)(B). Shields argued that the two convictions in question do not fit into the "violent felony" definition that *Johnson* left intact.

The district court denied the motion. The judge concluded that residential burglary was an enumerated offense under the Act because the crime of burglary in Illinois aligns with the federal definition of burglary. The judge also determined, based on our precedent in cases such as *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990), that the terms of the Illinois armed robbery statute—referring to either "use of force or … threatening the imminent use of force"—fell within the force requirements of the ACCA.

This case arises from a collateral attack, but the United States waived all procedural defenses in its brief on appeal. *See Smith v. United States*, 877 F.3d 720, 722 (7th Cir. 2017) (noting that such waivers are conclusive because relevant procedural defenses are not jurisdictional), *petition for cert. filed*, (U.S. Jan. 23, 2018) (No. 17-7517).

## II.

Shields first argues that his conviction for Illinois residential burglary cannot be a predicate violent felony because it is not an enumerated offense. He stresses that the enumerated

clause mentions "burglary," not "residential burglary." *See* 18 U.S.C. § 924(e)(2)(B)(ii). This argument is foreclosed by our recent decision in *Smith,* where we held that a conviction under the same Illinois statute is a violent felony under the enumerated clause. 877 F.3d at 722–24.

Shields next argues that even if residential burglary is an enumerated offense, the elements of the Illinois burglary statute are broader than generic burglary under the "categorical approach." *Mathis v. United States*, 136 S. Ct. 2243, 2248, 2251 (2016); *Taylor v. United States*, 495 U.S. 575, 598, 602 (1990). Under that approach, Shields says, Illinois residential burglary does not qualify as a violent felony under the Armed Career Criminal Act. *See Descamps v. United States*, 570 U.S. 254, 261 (2013).

In Illinois, "[a] person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILCS 5/19-3(a). (This version of the statute was in effect from 1982 to 2001 and was applied when Shields was convicted in 1994.) Another statute defines "dwelling":

(a) Except as otherwise provided in subsection (b) of this Section, "dwelling" means a building or portion thereof, a tent, a vehicle, or other enclosed space which is used or intended for use as a human habitation, home or residence.

(b) For the purposes of Section 19-3 of this Code, "dwelling" means a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside

> or in their absence intend within a reasonable period of time to reside.

720 ILCS 5/2-6. (This statutory provision has defined the term "dwelling" since 1987.)

Shields contends that the Illinois residential burglary statute sweeps more broadly than the federal definition of burglary because Illinois defines "dwelling" expansively. The statutory text, Shields argues, contemplates burglaries of tents, airplanes, and cars, none of which would be included in the federal definition. The Supreme Court has defined burglary as "an unlawful or unprivileged entry into, or remaining in, a *building or structure*, with intent to commit a crime." *Taylor*, 495 U.S. at 598 (emphasis added).

*Smith* forecloses Shields's reading of the Illinois statute. 877 F.3d at 722–24. There, we rejected a similar challenge, concluding that the crime of Illinois residential burglary covers only the entry of places encompassed by *Taylor*. The Illinois statute does not include boats or tents, and the state courts have excluded vehicles other than occupied trailers. *Id*.

### III.

Shields next turns to his 2003 conviction for armed robbery under Illinois law and argues that it is not a violent felony. Shields maintains that the armed robbery statute requires only minimal force.

To decide if the crime is a violent felony, we ask whether the Illinois robbery statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Applying the categorical approach, we look to the statutory elements of the

offense. *Descamps*, 570 U.S. at 260. At the time of Shields's conviction, the Illinois statute provided, in relevant part:

> (a) A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another *by the use of force or by threatening the imminent use of force*.

720 ILCS 5/18-1(a) (emphasis added). Armed robbery tacks on the following requirements to the simple robbery statute:

> (a) A person commits armed robbery *when he or she violates Section 18-1*; and
>
> (1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or
>
> (2) he or she carries on or about his or her person or is otherwise armed with a firearm; or
>
> (3) he or she, during the commission of the offense, personally discharges a firearm; or
>
> (4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.

720 ILCS 5/18-2 (emphasis added). Shields maintains that none of these additional requirements alludes to force. But this argument overlooks the force requirement in the simple robbery statute that is incorporated into the armed robbery statute by cross-reference.

Having identified the force requirement in the statute, we next assess how Illinois courts apply that statute to convict someone of robbery. *Descamps*, 570 U.S. at 260–61 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Twice we have performed this analysis and concluded that Illinois courts require sufficient force for robbery convictions to be predicate violent felonies for purposes of recidivist–enhancement statutes. *United States v. Dickerson*, 901 F.2d 579 (7th Cir. 1990) (Illinois robbery requires sufficient force to be a violent felony); *United States v. Chagoya-Morales*, 859 F.3d 411 (7th Cir. 2017) (Illinois aggravated robbery is crime of violence under Sentencing Guidelines); *see also United States v. Miller*, 721 F.3d 435, 441 (7th Cir. 2013) (explaining our usual practice is to evaluate crimes of violence under Guidelines and violent felonies under the ACCA interchangeably).

Shields argues that our cases suggesting that Illinois robbery requires sufficient force to be a predicate violent felony are inapposite. He contests the application of *Chagoya-Morales* because that defendant was convicted of aggravated robbery, whereas Shields was convicted of armed robbery. But Shields's attempt to distinguish *Chagoya-Morales* is unpersuasive. The defendants may have been charged with different crimes, but *Chagoya-Morales* hinged on the "plain language" in the statute that a defendant must "use" or "threaten to use" force, 859 F.3d at 422. That force element is the same for both aggravated and armed robbery. Shields has not given us any reason to reconsider *Chagoya-Morales*'s rationale. We therefore conclude that that the Illinois armed robbery statute, 720 ILCS 5/18-2, qualifies as a violent felony under the Armed Career Criminal Act.

For the foreging reasons, we AFFIRM the district court's denial of Shields's § 2255 petition.