**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2018[*]
Decided April 25, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2280

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 15-cr-00182 |
| HUGO PLIEGO-HERNANDEZ, | |
| *Defendant-Appellant.* | Amy J. St. Eve, *Judge.* |

**O R D E R**

Hugo Pliego-Hernandez, a Mexican citizen, pleaded guilty to reentering the United States without authorization after he had been removed. 8 U.S.C. § 1326(a). In calculating Pliego-Hernandez's Sentencing Guidelines imprisonment range, the district judge increased his base offense level after concluding that he was previously convicted in 2000 of a "crime of violence," U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015)—namely, attempted

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

robbery, 720 ILL. COMP. STAT. §§ 5/8-4(a) (in force Apr. 13, 2000, to Dec. 31, 2009), 5/18-1(a) (in force before 2000 until Dec. 31, 2009). The judge sentenced Pliego-Hernandez to 70 months in prison. He did not appeal but later moved under 28 U.S.C. § 2255 to set aside his sentence, arguing that attempted robbery in Illinois is not a crime of violence for purposes of § 2L1.2. The judge denied the motion. The parties agree that the only issue before us is whether attempted robbery was properly treated as a crime of violence. We affirm.

Pliego-Hernandez argues that his attempted robbery conviction cannot be a crime of violence because an attempt conviction in Illinois does not require the use, attempted use, or threat of physical force. He contends that this is a prerequisite to classifying an offense as a crime of violence because a crime of violence is defined in § 2L1.2 cmt. 1(B)(iii) as any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another."

But Pliego-Hernandez overlooks the earlier part of this same application note, which enumerates robbery as a crime of violence. U.S.S.G. § 2L1.2 cmt. 1(B)(iii) ("'Crime of violence' means any of the following offenses under federal, state, or local law: … robbery … ."). Pliego-Hernandez does not argue, as he might have, *cf. Shields v. United States*, 885 F.3d 1020, 1022–23 (7th Cir. 2018), that the generic offense enumerated in this application note is categorically narrower than the Illinois offense. So there is no need to resort to the "elements" inquiry on which his argument is based. Further, application note 5 states that an *attempt* to commit a crime of violence is itself a crime of violence. U.S.S.G. § 2L1.2 cmt. 5. Thus the commentary to § 2L1.2 clearly provides that an attempt to commit robbery is itself a crime of violence.[1] This guideline commentary "is binding unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of that Guideline." *United States v. Tate*, 822 F.3d 370, 375 (7th Cir. 2016) (internal quotation marks omitted).

To that end Pliego-Hernandez contends that application note 5 "impermissibly expands the text of the guideline" it interprets. But the guideline text does not define

---

[1] We directed the parties to file position statements on the effect of *Hill v. United States*, 877 F.3d 717, 719–20 (7th Cir. 2017), a case decided after briefing was completed. We considered those arguments but do not address them because under the guideline here, unlike the Armed Career Criminal Act in *Hill*, the attempted offense is explicitly enumerated as a crime of violence.

"crime of violence." Because this task is entirely left to the commentary, the commentary cannot be broader than, or inconsistent with, the guideline.

Lastly, Pliego-Hernandez argues that application note 5 (equating crimes of violence with nonviolent attempts at crimes of violence) must be disregarded as inconsistent with the part of application note 1 that defines a crime of violence as any offense that requires the use, attempt, or threat of force. But because robbery is an enumerated offense, that part of application note 1 has no bearing on this appeal. And, moreover, there is no inconsistency. The part of application note 1 that Pliego-Hernandez relies on overlaps with application note 5 by providing that the *attempted* use of force is a "crime of violence." U.S.S.G. § 2L1.2 cmt. 1(B)(iii).

Pliego-Hernandez's Illinois conviction for attempted robbery qualifies as a crime of violence under U.S.S.G. § 2L1.2. The judgment is AFFIRMED.