NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2018[*]
Decided May 3, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2233

| | |
|---|---|
| TONY LIPSCOMB,<br>    *Petitioner-Appellant*,<br><br>    *v.*<br><br>UNITED STATES OF AMERICA<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 16 C 6563<br><br>Charles P. Kocoras,<br>*Judge*. |

**O R D E R**

Following his conviction under 18 U.S.C. § 922(g) for possessing a gun as a felon, Tony Lipscomb was sentenced in 1992 as an armed career criminal because he had three prior violent-felony convictions. He received a sentence of 355 months in prison under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In this collateral attack under 28 U.S.C. § 2255, Lipscomb argues that, because *Johnson v. United States*, 135 S. Ct. 2551

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

(2015), invalidated the residual clause defining "violent felonies" under the Act, his prior convictions for attempted murder, attempted robbery, attempted armed robbery, and armed robbery are not violent felonies. But we have ruled that at least three of these crimes are violent felonies under another clause of the Act, so we affirm.

Before addressing the merits, the government asserts two procedural defenses that we may bypass. First it argues that Lipscomb's § 2255 motion is untimely, but the government forfeited this argument by not raising in the district court. *See United States v. Tyson*, 863 F.3d 597, 599 (7th Cir. 2017). Next the government contends that Lipscomb's attack is procedurally defaulted because he did not raise it on direct review in 1994. But we will assume that at the time of his appeal, the argument that the Supreme Court might invalidate the Act's residual clause was not "reasonably available" to Lipscomb and therefore not forfeited. *See Reed v. Ross*, 468 U.S. 1, 16 (1984). After all, that decision did not occur until over 20 years later in *Johnson*.

But on the merits Lipscomb loses. Our decisions establish that Lipscomb's two convictions for attempted murder in Illinois in 1976 and 1979 are violent felonies as defined under the Act's elements clause, 18 U.S.C. § 924(e)(2)(B)(i). *See Hill v. United States*, 877 F.3d 717, 719–20 (7th Cir. 2017). Lipscomb argues that *Hill* was wrongly decided, but he gives us no reason to revisit the decision. Lipscomb was also convicted of armed robbery in Illinois in 1975. That conviction, too, is a violent felony under the elements clause of the Act. *Shields v. United States*, 885 F.3d 1020, 1024 (7th Cir. 2018). He was convicted under an earlier version of the statute, but it contains the same force requirement as the 2003 version that we recently analyzed in *Shields*.

With three violent felonies, Lipscomb was properly sentenced as an armed career criminal. *See* 18 U.S.C. § 924(e)(1). We thus need not decide whether Lipscomb's other prior convictions—for attempted armed robbery and attempted robbery—were also violent felonies. And we need not address the fact that Lipscomb was sentenced as a career offender under the Sentencing Guidelines for having committed at least two crimes of violence, *see* USSG § 4B1.2. The parties recognize that the Guidelines issue is irrelevant if, as we have decided, three of Lipscomb's prior offenses count as violent felonies under the Act.

AFFIRMED