NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2018
Decided May 7, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3190

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 16-CR-30139-MJR |
| WARREN E. STEPNEY, JR., *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

# O R D E R

In June 2017, Warren Stepney, Jr., entered an open plea of guilty to two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g), and was sentenced within the guidelines to a 120-month term on each count, to be served concurrently, and 3 years' supervised release. Stepney now appeals, but his lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Stepney has not responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's brief explains the nature of the case and thoroughly addresses the issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel reports that he consulted with Stepney, who, he confirms, does not want to withdraw his guilty plea; thus, counsel appropriately refrains from exploring arguments about whether the plea was knowing and voluntary. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Stepney's attorney first considers whether the district court, in its guidelines calculations, erred in assigning him a base offense level of 20 for previously having been convicted of a "crime of violence," Illinois robbery under 720 ILCS 5/18-1(a). *See* U.S.S.G. § 2K2.1(a)(4)(A); § 4B1.2. Counsel asks whether he could argue that Illinois robbery requires less force than the violent force required under § 4B1.2(a)'s elements clause, but properly concludes that it would be frivolous to do so. *See Shields v. United States*, 885 F.3d 1020, 1024 (7th Cir. 2018) (citing *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990), for conclusion that Illinois robbery requires sufficient force to be violent felony under similarly worded sentencing-enhancement statute, 18 U.S.C. § 924(e)); *United States v. Chagoya-Morales*, 859 F.3d 411, 422 (7th Cir. 2017) (finding Illinois aggravated robbery, 720 ILCS 5/18-1(b), is a crime of violence under the Guidelines).

Counsel also considers whether the district court erred in failing to consider any principal arguments in mitigation. For instance, counsel asks whether the court overlooked Stepney's argument that the guidelines range was overly punitive, given the substantial increase caused by the aggregation of the enhancements for each of his separate offenses. But counsel notes that any such challenge would be frivolous because the judge appropriately exercised his discretion under 18 U.S.C. § 3553(a), *United States v. Bloom*, 846 F.3d 243, 257–58 (7th Cir. 2017), when he stated that he would impose the same sentence notwithstanding the final guidelines range ("I can tell you that this would be your sentence irrespective of whether or not your guideline level was two or even four levels less…I don't think a sentence of anything less than ten years is going to meet the goals and purposes of 18 U.S.C. [§] 3553."). Counsel also asks whether the court erred by "glossing over" the testimony of Stepney's father that he was involved only minimally in Stepney's life. The judge indeed did not address this testimony, but any error in not doing so was harmless because this testimony was not inconsistent with information in the presentence report that Stepney's relationship with his father, albeit limited, was nonetheless a "good" one—a fact to which neither party objected.

Finally, counsel considers, but rightly rejects as frivolous, an argument that Stepney's 120-month prison term is unreasonable. The term is within the guidelines

range of 100–125 months and thus presumptively reasonable. *United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018); *Rita v. United States*, 551 U.S. 338, 347 (2007). Counsel has not identified any reason to set aside that presumption, nor can we. The district court weighed the sentencing factors in § 3553(a), including Stepney's youth, the need for a sentence to serve as a deterrent given his extensive criminal history (dating back to age eleven), the need to protect the public from further crimes, and the need to provide just punishment.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.