**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2018[*]
Decided May 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2514

| | |
|---|---|
| LASHON BROWNING,<br>    *Petitioner-Appellant*,<br><br>    *v*.<br><br>UNITED STATES OF AMERICA,<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 16 C 6268<br><br>Robert W. Gettleman,<br>*Judge*. |

**O R D E R**

Lashon Browning was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and, based in part on two Illinois armed-robbery convictions, he was sentenced as a career offender under the Armed Career Criminal Act to 240 months' imprisonment, *see* 18 U.S.C. § 924(e)(1). Under the ACCA, a felon possessing a firearm in violation of § 922(g) is subject to a higher statutory minimum sentence if that person has three prior convictions for "violent felonies" or "serious drug offenses." After the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Supreme Court in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), struck down the ACCA's "residual clause" as unconstitutionally vague, Browning filed this postconviction motion under 28 U.S.C. § 2255 arguing that his predicate Illinois convictions for armed robbery no longer qualify as "violent felonies" for purposes of the ACCA and that he should not have been sentenced as a career offender. The district judge determined that Illinois armed robbery still qualified as a violent felony and denied Browning's motion, but the judge granted him a certificate of appealability.

In recent years, the Armed Career Criminal Act has been the subject of extensive litigation. After *Samuel Johnson*, a "violent felony" that is not enumerated in § 924(e)(2)(B)(ii) must include "as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(b)(i). The Supreme Court has clarified that the level of force required is *"violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010).

Browning maintains that the Illinois armed-robbery statute requires less than violent force to obtain a conviction and argues that the Supreme Court's recent opinions have undermined our previous decision concluding that Illinois armed robbery is a violent felony under the ACCA. *See United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990). But only two months ago we revisited *Dickerson* in light of *Curtis Johnson* and reaffirmed that "Illinois courts require sufficient force for robbery convictions to be predicate violent felonies." *Shields v. United States*, 885 F.3d 1020, 1024 (7th Cir. 2018); *see also United States v. Chagoya-Morales*, 859 F.3d 411, 421–22 (7th Cir. 2017) (reviewing state-court definition of force in Illinois robbery statute underlying aggravated robbery and concluding that robbery required "'force' … sufficient to constitute a 'crime of violence'").[1] Browning does not give us a reason to question that analysis.

Browning does observe that the Supreme Court recently granted certiorari in *United States v. Stokeling*, 684 Fed. App'x 870 (11th Cir. 2017), *cert. granted sub nom Stokeling v. United States*, No. 17-5554, 2018 WL 1568030 (Apr. 2, 2018). But the question presented in that grant of certiorari is whether Florida robbery is a violent felony if an element of the offense is "overcoming 'victim resistance'"—an element that the state

---

[1] The Illinois armed-robbery statute analyzed in *Shields* has been amended since Browning was convicted in 1992 and 1994, but those amendments did not change the language regarding use of force and do not affect our analysis. *Compare Shields v. United States*, 885 F.3d 1020, 1023–24 (7th Cir. 2018), *with* 720 ILCS 5/18-1, 5/18-2 (West 1992), *and* 720 ILCS 5/18-1 (West 1994).

appellate courts have interpreted as requiring "only slight force." We have concluded that Illinois state courts, however, interpret robbery and armed robbery as requiring sufficient force to satisfy *Curtis Johnson*—that is, *more* than slight force. *See Shields*, 885 F.3d at 1024; *Chagoya-Morales*, 859 F.3d at 422. The outcome of *Stokeling* thus is unlikely to change our interpretation of the Illinois force requirement.

Accordingly, we conclude that Browning is properly designated a career offender based on his Illinois armed-robbery convictions and AFFIRM the judgment.