NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 6, 2018
Decided August 21, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2339

| | |
|---|---|
| JAMES PINKNEY, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 6600 |
| UNITED STATES OF AMERICA, | |
| *Respondent-Appellee.* | Matthew F. Kennelly, |
| | *Judge.* |

## O R D E R

James Pinkney moved pursuant to 28 U.S.C. § 2255 to vacate his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), arguing that his previous Illinois robbery convictions were not "violent felon[ies]" under the Act. The district court denied the motion, but it granted a certificate of appealability. We later decided that Illinois armed robbery qualifies as a "violent felony" under the ACCA. *Shields v. United States*, 885 F.3d 1020, 1024 (7th Cir. 2018). *Shields* applies to Pinkney's offense of simple robbery, and so we affirm the district court's judgment.

## I

Pinkney was charged in 2010 with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He entered into a plea agreement in 2011. In that agreement, he acknowledged that he had been convicted in Illinois of burglary and robbery in 1985, and again of robbery in Illinois in 1986. The district court sentenced Pinkney to 180 months' imprisonment, the mandatory minimum sentence for a defendant with at least three qualifying "violent felony" convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

Pinkney moved in 2016 to vacate his sentence under 28 U.S.C. § 2255, arguing that the length of the sentence he received under the ACCA violated his due-process rights in light of the Supreme Court's decision in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015). He asserted that because *Samuel Johnson* held unconstitutional the "residual clause" in § 924(e)(2)(B)(ii), the ACCA sentencing enhancement was proper only if his two prior convictions for robbery qualified as violent felonies under the "elements clause," § 924(e)(2)(B)(i). The elements clause defines "violent felony" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §§ 924(e)(2)(B)(i). Pinkney argued that the force required to commit robbery in Illinois is less than the amount required to make a crime a "violent felony"—that is, "force capable of causing physical pain or injury to another person," *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). The government argued in response that Pinkney was time-barred from making this argument, and moreover, that the argument was meritless because Illinois's robbery offense requires the amount of force necessary to qualify as a violent felony.

The district court determined that Pinkney's motion was not time-barred, but denied it on the merits. It agreed with the government's understanding of the amount of force needed for a conviction under the Illinois robbery statute. Nevertheless, the judge granted a certificate of appealability on the issue because, at the time, the question was still debatable in this circuit.

## II

On appeal, Pinkney again argues that his Illinois robbery offenses do not necessarily entail violent force. The government's first response is that it is too late for Pinkney to argue about the amount of force required to be convicted of Illinois robbery.

Under 28 U.S.C. § 2255(f)(3), Pinkney was required to move to vacate his sentence within one year of the date on which the right he relies upon "was recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

*Id*. The government argues that when a petitioner premises his § 2255 motion on the assertion that the district judge "misapplied the elements clause," he relies on *Curtis Johnson*. See *Douglas v. United States*, 858 F.3d 1069, 1070 (7th Cir.), *cert. denied*, 138 S. Ct. 565 (2017). "*Curtis Johnson*, a statutory decision, was issued about five years before [Pinkney] filed his § 2255 motion, which," according to the government, makes the motion untimely. See *id.* (citing 28 U.S.C. § 2255(f)(3)). This is because *"[Samuel] Johnson* does not have anything to do with the elements clause of … the Armed Career Criminal Act," and so prisoners such as Pinkney do not get "a new one-year period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction." *Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016); *Douglas*, 858 F.3d at 1070.

We consider the question whether Pinkney's motion is time-barred to be a close one. As Pinkney points out, the government's invocation of the time bar directly contradicts some of the language in his plea agreement. The agreement expressly states that his 1985 Illinois robbery conviction is a "'violent felony' under 18 U.S.C. §§ 924(e)(1) & (e)(2)(B)(ii)." Subsection (e)(1) just sets forth the mandatory minimum sentence for armed career criminals. Subsection (e)(2)(B)(ii) contains two possible definitions for "violent felony": first, the enumerated offenses; and second, those that fall within the now-discarded residual clause because they "otherwise involve conduct that presents a serious potential risk of physical injury to another." Because robbery is not one of the enumerated offenses, Pinkney's plea agreement *must have* applied the residual clause to Pinkney's 1985 Illinois robbery convictions. Thus, Pinckney argues, until the Supreme Court decided in *Samuel Johnson* that the residual clause is unconstitutional, 135 S. Ct. at 2557, he could not have challenged the application of the ACCA to his 1985 Illinois robbery and his motion is timely. See 28 U.S.C. § 2255(f). Moreover, he asserts, until *Samuel Johnson*, there was no incentive to challenge the elements of any particular felony that the district court had determined was "violent" under the ACCA.

Two recent decisions support Pinkney's timeliness argument. In *Van Cannon v. United States*, 890 F.3d 656 (7th Cir. 2018), we determined that the time bar did not apply to a § 2255 motion that asserted that Minnesota burglary was not a violent felony. *Id.* at 661–62. "To win § 2255 relief, Van Cannon had to establish a *Johnson* error *and* that the error was *harmful*." *Id.* at 661 (emphasis in original). Thus, when the petitioner "maintained that the *Johnson* error" he presented "was prejudicial in light" of other Supreme Court precedent, his motion was timely. *Id.*

And in *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018), we explained that before *Samuel Johnson*, a petitioner "had no basis to assert that his sentence was illegal and thus he could not claim a right to be released. *Curtis Johnson* did not change that fact: all it did was to eliminate the elements clause as a basis for" some state robbery convictions to qualify as violent felonies. *Id.* at 297. The petitioner's claim under *Curtis Johnson* "stayed until [*Samuel*] *Johnson*. Only then could [he] file a nonfrivolous motion for relief." *Id.*

We need not say more about this point, however, because "it is permissible to reject a petition on the merits without resolving a limitations defense," *Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013). "It makes sense to tackle the merits first when they are easy and the limitations question hard." *Id.* And the merits of this case are straightforward in light of our decision in *Shields*, in which we revisited Illinois robbery in light of *Curtis Johnson* and reaffirmed that "Illinois courts require sufficient force for robbery convictions to be predicate violent felonies." *Shields*, 885 F.3d at 1024; see also *United States v. Chagoya-Morales*, 859 F.3d 411, 421–22 (7th Cir. 2017) (reviewing state-court definition of force in Illinois robbery statute underlying aggravated robbery and concluding robbery required "'force' … sufficient to constitute a 'crime of violence'").

It is true, as Pinkney points out, that the conviction at issue in *Shields* was for *armed* robbery, 885 F.3d at 1023–24, whereas Pinkney's convictions are for simple robbery. Pinkney relies on this distinction to argue that *Shields* does not apply, because armed robbery has an additional force element. But, as we pointed out in *Shields*, the Illinois armed-robbery statute, 720 ILCS 5/18-2, incorporates by reference the force element of the Illinois simple robbery statute. 885 F.3d at 1023–24 (quoting 720 ILCS 5/18-1(a) (Robbery is committed with "the use of force or by threatening the imminent use of force.")). In *Shields*, we assessed "how Illinois courts apply that statute to convict someone of *robbery*." *Id.* at 1024 (emphasis added). And we concluded that because Illinois simple robbery qualified as a violent felony under the ACCA, Illinois armed robbery did as well. *Id.* at 1023–24.

That conclusion—that the force required to commit simple robbery in Illinois satisfies the definition of "physical force" for purposes of § 924(e)(2)(B)(i)—controls the outcome of this appeal. Though Pinkney was convicted in 1985 and 1986 under a version of the robbery statute older than the one analyzed in *Shields*, the force element remained the same throughout the statutes' revisions and therefore does not affect our analysis. *Compare Shields*, 885 F.3d at 1023–24, *with* ILL. REV. STAT. 1985, ch. 38, ¶ 18-1.

We therefore AFFIRM the district court's judgment.