| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 4, 2021
Decided August 5, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2544

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:15CR26-001 |
| CAMARI STINSON, <br> *Defendant-Appellant*. | Holly A. Brady, <br> *Judge*. |

## O R D E R

Camari Stinson pleaded guilty to distributing cocaine, 21 U.S.C. § 841(a)(1), carrying a firearm in relation to drug trafficking, 18 U.S.C. § 924(c), and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1), after helping a confidential informant buy cocaine. After twice moving unsuccessfully to withdraw his pleas, he was sentenced to 123 months' imprisonment. Stinson appealed, but his appointed counsel believes that the appeal is frivolous and moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Stinson responded under Circuit Rule 51(b) to counsel's motion. Because counsel's analysis appears to address thoroughly the issues that we expect to see in an appeal of this kind, we limit our review to the matters in counsel's brief and Stinson's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel tells us that Stinson wishes to withdraw his guilty pleas, and so counsel appropriately considers potential challenges to both the convictions and the sentence. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether the district court erred in accepting Stinson's guilty pleas but rightly concludes that any appeal on that ground would be pointless. The district judge conducted a plea colloquy that substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. Because Stinson did not challenge the colloquy's sufficiency in the district court, we would review it for plain error. *See United States v. Dyer*, 892 F.3d 910, 913 (7th Cir. 2018). The judge did not tell Stinson about his right to court-appointed counsel during trial, *see* FED. R. CRIM. P. 11(b)(1)(D), or his right to compel attendance of witnesses, *see id.* 11(b)(1)(E). But Stinson knew that at trial he would be represented and could compel witnesses because the judge discussed his counsel's ability at trial to examine any witness, present evidence, and object to the government's evidence. We therefore agree with counsel that it would be frivolous to argue that the judge committed plain error by accepting the plea. That said, we remind district court judges conducting plea colloquies (as well as prosecutors and defense attorneys) to use a Rule 11 checklist and the Federal Judicial Center's Benchbook for federal judges in order to prevent these omissions. *United States v. Stoller*, 827 F.3d 591, 597 (7th Cir. 2016).

Next, counsel discusses Stinson's two motions to withdraw his pleas; we agree with counsel that the denials of these motions leave no reasonable basis for appeal. In the first motion, Stinson swore that he was innocent and pleaded guilty only because his mental state (depression, suicidal thoughts after his cousin was killed, and the effects of ceasing a prescribed antidepressant drug) left him feeling unable to face trial. The judge ordered an evidentiary hearing to test these assertions, but Stinson declined to testify or submit a post-hearing brief. The judge denied the motion, emphasizing that in pleading guilty Stinson swore that he was taking his medication as prescribed and admitted his guilt. Those representations, made under oath during the plea colloquy, are presumed truthful. *United States v. Smith*, 989 F.3d 575, 582 (7th Cir. 2021). Because Stinson's motion could "succeed only if [he] committed perjury at the plea proceedings," and he refused to explain himself further under oath, it would be frivolous to argue that the judge abused her discretion in rejecting his argument summarily. *See United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005).

Nor, as counsel explains, could Stinson reasonably challenge denial of his second motion to withdraw his pleas. This time, Stinson asserted that he pleaded guilty not knowing that his guidelines range might be enhanced by the government's contention that Stinson had committed attempted murder during a shooting shortly before his arrest. The judge, however, determined that there was insufficient evidence of Stinson's presence at the shooting and that it therefore would not affect the guidelines calculation. It would thus be frivolous to argue that the judge abused her discretion by denying a motion that was based on an irrelevant issue.

Next, counsel tells us that Stinson believes that his conviction under 18 U.S.C. § 924(c)(1)(A)(i) lacks a factual basis because he never used his firearm during the drug deal, but counsel correctly concludes that this belief is unfounded. Stinson admitted under oath that he had a firearm on his person during the drug deal, and that fact is sufficient as a matter of law to support a finding that he carried the gun in furtherance of drug trafficking. *See United States v. Johnson*, 916 F.3d 579, 589 (7th Cir. 2019).

Stinson also wishes, counsel reports, to argue that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), but counsel is correct that the argument would be pointless. In *Rehaif* (decided after Stinson pleaded guilty but before his sentencing), the Court held that a conviction under 18 U.S.C. § 922(g)(1) requires proof that the defendant knew he was a felon. For two reasons, Stinson cannot plausibly mount an appeal based on *Rehaif*: First, he filed in the district court a waiver of "any rights he may have had under *Rehaif* to challenge the indictment, conviction, and sentence . . . ." Like counsel, we see no reason why that waiver would not be enforceable. Second, Stinson testified when pleading guilty that he possessed the firearm even though he knew that he was prohibited from doing so based on his prior felony conviction. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (holding that after *Rehaif*, to establish plain error defendant must present evidence that he did not know he was a felon).

Next, counsel addresses potential challenges to Stinson's sentence, beginning with the calculation of his guidelines range. Counsel first ponders whether Stinson could plausibly argue that the district judge erred in ruling that his prior conviction for battery resulting in bodily injury was a "crime of violence" under U.S.S.G § 2K2.1(a)(4)(A). We agree with counsel that he could not. In 2012, Stinson was convicted of Class D felony battery under Indiana Code § 35-42-2-1(a)(2). Because both Class D and Class C batteries are relevant to our analysis, we recite both from the statute:

> (a) A person who knowingly or intentionally touches another person in a
> rude, insolent, or angry manner commits battery, a Class B misdemeanor.
> However, the offense is . . .
> (2) a Class D felony if it results in bodily injury . . .
> (3) a Class C felony if it results in serious bodily injury . . . .

An offense is a "crime of violence" under the Guidelines if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). This court interprets the definition of "crime of violence" under the Guidelines as interchangeable with the Armed Career Criminal Act's definition of "violent felony." *United States v. Taylor*, 630 F.3d 629, 633 n.2 (7th Cir. 2010).

Any argument that Indiana Class D felony battery does not meet this definition is foreclosed by *Douglas v. United States*, 858 F.3d 1069, 1070–71 (7th Cir. 2017). There, we held that Indiana's Class C felony battery, § 35–42–2–1(a)(3), was a violent felony. We reasoned that any battery offense that "causes bodily harm" requires enough force to be a violent felony; because Indiana's Class C battery statute required causing *serious* bodily harm, it too qualified. *See* 858 F.3d at 1071 (citing *Yates v. United States*, 842 F.3d 1051 (7th Cir. 2016)). *Douglas*'s rationale establishes that Stinson's Class D offense, which required only enough force to cause "bodily injury," was a violent felony.

Next, counsel concludes that Stinson could not reasonably renew his argument that he merited a two-level reduction for accepting responsibility. We would review for clear error the district judge's refusal to grant the reduction. *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008). Because Stinson pleaded guilty but then filed an affidavit protesting his innocence, it would be frivolous to argue that the judge clearly erred by finding that he had not accepted responsibility for the offenses.

Next, counsel rightly concludes that Stinson could not plausibly argue that his sentence was substantively unreasonable or inadequately explained. The 123-month prison sentence is at the bottom of the guidelines range of 123 to 138 months, and we would presume it reasonable. *See United States v. Taylor*, 907 F.3d 1046, 1051 (7th Cir. 2018). Like counsel, we see no basis for rebutting that presumption. The judge adequately explained and reasonably balanced Stinson's history and characteristics: his difficult childhood and current family support, the seriousness of his armed drug crime, violations of past conditions of release and probation, and disciplinary violations during pretrial detention. Based on this permissible articulation of competing factors, it would be frivolous to argue that the judge gave no "adequate statement of reasons,

consistent with 18 U.S.C. § 3553(a), for thinking the sentence [she] select[ed] [was] appropriate." *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008). And Stinson's three-year term of supervised release was the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(C), so he could not argue that it was too long.

Finally, Stinson's remaining arguments are best reserved for a collateral attack. Counsel reports that Stinson wishes to challenge his trial counsel's performance. And in his Circuit Rule 51(b) response, Stinson maintains that while this appeal was pending, he found evidence that the firearm he used in his offense was not stolen. Because these arguments rely on evidence outside the record, they are best brought under 28 U.S.C. § 2255. *See United States v. Flores*, 739 F.3d 337, 340 (7th Cir. 2014).

We GRANT counsel's motion to withdraw and DISMISS the appeal.